JONATHAN TULLIS, Appellant, *v.* ANDREW W. HENDERSON, Appellee.

### APPEAL FROM LA SALLE

Litigants absent themselves from court at their peril, and if a case on trial is suspended for any cause, the court may proceed with the docket, and dispose of other cases.

It is not improper, with consent of parties, to send a jury to examine a locality and during the absence to proceed with other cases on the docket, as if such jury was not empanneled.

A TRIAL was in progress in the Circuit Court of LaSalle county, between the administrators of one Yoder, deceased, and the Rock Island Railroad Company, Yoder having been killed, as was alleged, by the corporation. By consent, the court let the jury visit the place where the death occurred. During the absence of the jury, the court called the docket, and among others, this case, which was dismissed for want of prosecution,

the counsel being absent.    A motion to reinstate the cause was overruled.    Plaintiffs below appealed.

C. AND M. BLANCHARD, for Appellant.

G. S. ELDREDGE, for Appellee.

CATON, C. J.   We see nothing erroneous in this record.    It is no business of other litigants whether the court acted properly in suspending the trial of the railroad case for one, two or three days, for the purpose of sending the jury to view the ground where the accident happened, though we see nothing objectionable in the course pursued by the court, where it was agreed to by both parties.    But the court might suspend the trial of a cause from various considerations, from sickness, or by the agreement of parties, and yet other parties to causes would have no reason to complain.    There would be no propriety in requiring the court to suspend all business and sit still during the suspension of the trial, because one of the parties to the next cause on the docket would be disappointed in having his cause called so soon. If he absented himself from court, he did it at his peril.    He could not know that the pending trial would not be determined at any moment.    Had the plaintiff taken a nonsuit at the time that trial was suspended, the consequence would have been the same to the plaintiff in this cause.    This record shows that when the trial of the other cause was suspended, the court proceeded regularly with the call of the docket, and this cause being reached in its regular order, no one appearing for the plaintiff, it was dismissed for want of prosecution.    This was right, and the judgment is affirmed.

*Judgment affirmed.*